**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO**

FARADAY 100 LLC,

    Plaintiff,

v.                                                   No.: 1:20cv00767

ACUITY, A MUTUAL INSURANCE COMPANY,

    Defendant.

## ACUITY'S ANSWER

Defendant ACUITY, a Mutual Insurance Company ("ACUITY") by and through its counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Jennifer A. Noya and Sonya R. Burke), hereby answers Plaintiff Faraday 100 LLC's Complaint for Negligence, Breach of Insurance Contract, Violation of the New Mexico Unfair Claims Practices Act and Bad Faith Actions ("Complaint") as follows:

1. ACUITY is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2. With respect to the allegations of paragraph 2, ACUITY admits only that it is an insurance company and adjusts claims made by its insureds under policies issued by it and admits that it issued the referenced policy.

3. Paragraph 3 is incomprehensible and ACUITY is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4. ACUITY admits the allegations of Paragraph 4 of the Complaint.

5. With respect to the allegation of Paragraph 5 of the Complaint, ACUITY admits that the United States District Court to which this case has been properly removed has jurisdiction and venue is proper.

6. ACUITY denies the allegations of Paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 are vague and ambiguous and ACUITY is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

### Response to General Allegations of Plaintiff

8. With respect to the allegations of Paragraph 8, ACUITY admits that Plaintiff's Complaint alleges claims involving an insurance dispute arising out of alleged property damage but denies that the Complaint is valid and denies that it owes Plaintiff any damages.

9. ACUITY is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. With respect to the allegations of Paragraph 10, ACUITY admits that it issued a policy to Plaintiff and states that the referenced policy speaks for itself and ACUITY denies any allegation contained in Paragraph 10 inconsistent therewith.

11. With respect to the allegations of Paragraph 11, ACUITY does not dispute that the policy was in force at the time of Plaintiff's alleged loss but denies that the damages claimed by Plaintiff were a covered loss under the terms and conditions of the policy.

12. ACUITY denies the allegations of Paragraph 12 of the Complaint.

13. ACUITY denies the allegations of Paragraph 13 of the Complaint.

14. ACUITY denies the first sentence of Paragraph 14 of the Complaint and is without sufficient knowledge or information with which to admit or deny the remaining allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. ACUITY denies the allegations of Paragraph 15 of the Complaint.

16. With respect to the allegations of Paragraph 16, ACUITY admits its employees involved in the adjustment of the plaintiff's insurance claim acted within the course and scope of their employment as it concerns said insurance claim and denies the remaining allegations in Paragraph 16.

17. ACUITY denies the allegations of Paragraph 17.

18. ACUITY is without sufficient knowledge or information with which to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. With respect to the allegations of Paragraph 19, ACUITY denies that its actions forced Plaintiff to retain counsel but do not deny that Plaintiff has retained counsel in this matter.

### Count I:  Alleged Breach of Contract

20. ACUITY incorporates its responses set forth above in Paragraphs 1 through 20 for its response to Paragraph 20 of the Complaint.

21. With respect to the allegations of Paragraph 21, ACUITY states that the policy terms and conditions are outlined in the policy itself and ACUITY denies any allegation inconsistent therewith.

22. ACUITY denies the allegations of Paragraph 22 of the Complaint.

23. ACUITY denies the allegations of Paragraph 23 of the Complaint.

24. ACUITY denies the allegations of Paragraph 24 of the Complaint.

### Count II:  Alleged Unfair Insurance Claim Practices

25. ACUITY incorporates its responses set forth above in Paragraphs 1 through 24 for its response to Paragraph 25 of the Complaint.

26. ACUITY denies the allegations of Paragraph 26 including all subparts of the Complaint.

27. ACUITY denies the allegations of Paragraph 27 of the Complaint.

28. ACUITY denies the allegations of Paragraph 28 of the Complaint.

29. ACUITY denies the allegations of Paragraph 29 of the Complaint.

30. ACUITY denies the allegations of Paragraph 30 of the Complaint.

### Count III:  Alleged Bad Faith

31. ACUITY incorporates its responses set forth above in Paragraphs 1 through 30 for its response to Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains pure legal conclusions to which no response is required.

33. Paragraph 33 of the Complaint contains pure legal conclusions to which no response is required.

34. Paragraph 34 of the Complaint contains pure legal conclusions to which no response is required.

35. Paragraph 35 of the Complaint contains pure legal conclusions to which no response is required.

36. Paragraph 36 of the Complaint contains pure legal conclusions to which no response is required.

37. Paragraph 37 of the Complaint contains pure legal conclusions to which no response is required.

38. ACUITY denies the allegations of Paragraph 38 of the Complaint.

39. ACUITY denies the allegations of Paragraph 39 of the Complaint.

40. ACUITY denies the allegations of Paragraph 40 of the Complaint.

41. ACUITY denies the allegations of Paragraph 41 of the Complaint.

42. ACUITY denies the allegations of Paragraph 42 of the Complaint.

43. ACUITY denies the allegations of Paragraph 43 of the Complaint.

44. ACUITY denies the allegations of Paragraph 44 of the Complaint.

45. ACUITY denies the allegations of Paragraph 45 of the Complaint.

### Count IV:  Alleged Negligence

46. ACUITY incorporates its responses set forth above in Paragraphs 1 through 45 for its response to Paragraph 46 of the Complaint.

47. ACUITY denies the allegations of Paragraph 47 of the Complaint.

48. ACUITY denies the allegations of Paragraph 48 and all subparts of the Complaint.

49. ACUITY denies the allegations of Paragraph 49 of the Complaint.

50. ACUITY denies the allegations of Paragraph 50 of the Complaint.

51. ACUITY denies the allegations of Paragraph 51 of the Complaint.

52. ACUITY denies the allegations of Paragraph 52 of the Complaint.

53. ACUITY denies the allegations of Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint does not contain allegations requiring a response.

55. ACUITY denies that Plaintiff is entitled to any of the relief requested in the PRAYER and WHEREFORE clauses of the Complaint.

56. ACUITY denies each and every allegation not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by comparative bad faith and/or comparative fault.

3. In all events, and at all times material hereto, ACUITY had, at the very least, a legitimate and fairly debatable basis for its conduct, and, accordingly, ACUITY cannot be held liable for any extra-contractual damages whatsoever herein.

4. To the extent discovery so warrants, Plaintiff may have failed to mitigate any damages, thereby barring recovery herein or reducing such recovery in an amount proportionate.

5. Plaintiff's claims are barred in whole or in part by the terms of the policy.

6. Plaintiff's claims are barred in whole or in part by a failure to comply with one or more conditions precedent to recovery of the benefits sought in this case.

7. Plaintiff's claims under the Unfair Claims Practices Act are groundless and ACUITY is entitled to its attorneys' fees in defending against the groundless claims.

8. No award of punitive damages can be made to Plaintiff because, among other things:

   a. Such an award of punitive damages would amount to a deprivation of ACUITY' property without due process of law, in violation of the provisions of the United States and New Mexico Constitutions, and would otherwise violate due process.

      b.    No legislation has been passed authorizing punitive damages in civil actions such as this or placing any limit on the amount of punitive damages actually recoverable in such actions.

      c.    The criteria which would be used in determining whether punitive damages could be awarded are impermissibly vague, imprecise and inconsistent, and therefore violate the due process provisions of the United States and New Mexico Constitutions.

      d.    An award of punitive damages in this civil action would amount to an excessive fine, in violation of the provisions of the United States and New Mexico Constitutions.

      e.    An award of punitive damages, which allows consideration of the relative financial positions of the parties, violates the due process provisions of the United States and New Mexico Constitutions.

      f.    An award of punitive damages in this action would violate the equal protection clauses of the United States and New Mexico Constitutions and would constitute cruel and unusual punishment in violation of the provisions of those constitutions.

ACUITY states that it does not know which, if any, additional affirmative defenses may apply. ACUITY has neither knowingly nor intentionally waived any applicable affirmative defenses. If ACUITY later learns that additional affirmative defenses may apply, ACUITY will seek leave to amend its answer to raise such other affirmative defenses. ACUITY specifically reserves the right to assert additional affirmative defenses as discovery continues.

WHEREFORE, Defendant respectfully requests that this Court grant it judgment in its favor as to Plaintiff's Complaint in its entirety, award ACUITY its costs, including reasonable attorneys' fees, incurred in defending this action, and award ACUITY such other and further relief as the Court deems just and proper.

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, P.A.


By: */s/ Jennifer A. Noya*
      Jennifer A. Noya
      Sonya R. Burke
      Post Office Box 2168
      Bank of America Centre, Suite 1000
      500 Fourth Street, N.W.
      Albuquerque, New Mexico  87103-2168
      Telephone: (505) 848-1800

*Attorneys for Defendant ACUITY.*

WE HEREBY CERTIFY that on this 29th day of July 2020, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

   Jonathan L.R. Baeza
   MARTINEZ & MARTINEZ LAW FIRM, PLLC
   730 E. Yandell Dr.
   El Paso, Texas 79902
   915.514.100
   jonathan@martinezlawyers.com

   Derek L. Fadner
   MCCLENNY MOSELEY & ASSOCIATES, PLLC
   516 Heights Boulevard
   Houston, Texas 77007
   Email: Derek@mma-pllc.com

   *Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, P.A.

By: */s/ Jennifer A. Noya*
      Jennifer A. Noya

7