## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FARADAY 100 LLC C/O**
**IHA PARTNERSHIP,**

      **Plaintiff,**

    **vs.**                              **Civ. No. 20-767 WJ/ SCY**

**ACUITY, A MUTUAL INSURANCE**
**COMPANY,**

      **Defendant.**

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on Defendant Acuity's Motion to Compel

Supplementation of Discovery Responses, filed December 22, 2020. Doc. 21. Defendant Acuity

seeks an order compelling Plaintiff to supplement multiple responses to Acuity's First Set of

Interrogatories and Requests for Production. *Id.* (seeking supplemental responses to

Interrogatories Nos. 3, 5, 6, 8, 10, 11, 15, 16, 19, and 20 and Requests for Production Nos. 5, 6,

12, 13, 15, and 16). In originally responding to those discovery questions, Plaintiff offered a

number of objections, all of which Defendant now argues are invalid objections. In response to

the present motion to compel, Plaintiff does not defend its objections or argue that the requested

information should not be produced.[1] Doc. 22. Instead, Plaintiff argues only that it did not have

enough time to respond to Defendant's request for supplementation and the motion to compel

should therefore be denied. *Id.*

---

[1] Plaintiff asserts that it "should be allowed adequate opportunity to supplement its responses if
such supplementation *is in fact necessary*." Doc. 22 at 2 (emphasis added). However, it makes no
further arguments as to the merits of the requested supplements and does not, in any way, argue
that Defendant's requested supplements are outside the scope of appropriate discovery.

A brief summary of the background of this case helps clarify Plaintiff's argument. Defendant served its First Set of Interrogatories and Requests for Production on Plaintiff on September 24, 2020. Doc. 14. Plaintiff provided its answers, objections, and responses on November 6, 2020. Doc. 21 at 16-32 (Ex. A). On December 2, 2020, Defendant sent Plaintiff a good faith letter, requesting supplemental responses by December 9, 2020. Doc. 21 at 33-39 (Ex. B). Counsel for Plaintiff responded to the good faith letter, stating that "We will review the items raised and supplement as necessary by the date you've proposed." Doc. 21 at 40 (Ex. C). By December 22, 2020, Defendant had not received any supplemental responses from Plaintiff and so filed the present motion to compel. Doc. 21 at 2.

Plaintiff now argues that the motion to compel should be denied because Defendant only offered it seven days after receiving the good faith letter to provide supplements. This argument misses the mark for a number of reasons. First, when Plaintiff received Defendant's December 2nd request to supplement within one week, Plaintiff could have proposed an alternative deadline Plaintiff considered to be more reasonable. Instead, Plaintiff informed Defendant it would supplement as necessary by the proposed date (December 9). *See* Doc. 21 at 40 (Ex. C). When Defendant filed its motion to compel almost two weeks after the date Plaintiff had agreed to supplement, however, Plaintiff had still neither supplemented nor, it appears, requested more time to supplement. Plaintiff's complaint that it had insufficient time to supplement is undermined by its agreement to supplement by a certain date, by its failure to then supplement by that deadline or even within the almost two additional weeks that passed before Defendant file its motion to compel, and by its apparent failure to request more time or explain why it could not meet the supplementation deadline to which it originally agreed. In short, if the deadline Defendant proposed was unreasonable, Plaintiff should have said so rather than agreeing to it.

Plaintiff also incorrectly argues that it was entitled 30 days to supplement after it received

the good faith letter. To support this argument, Plaintiff points to the parties' Joint Status Report

("JSR"). Doc. 22 at 2. In the JSR the parties agreed that "[s]upplementation under Rule 26(e) [is]

due within thirty days after receipt of information." Doc. 8 at 7. Plaintiff reads this agreement as

allowing it 30 days after receiving the good faith letter to provide a supplement. However, the

JSR specifically refers to supplementation under Rule 26(e), and Rule 26(e) requires

supplements in a timely manner "if the party learns that in some material respect the disclosure

or response is incomplete or incorrect. . . ." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e), therefore,

applies when a party learns new information; it does not apply to supplements made in response

to a good faith letter regarding previously withheld responses to discovery questions.

Lastly, even if Plaintiff was entitled to 30 days after receiving the good faith letter to

supplement, Plaintiff did not supplement within that period. As noted above, Defendant sent its

good faith letter on December 2, 2020. By the time Plaintiff filed its response to the motion to

compel, 33 days had passed. And by the time Defendant filed its reply, 47 days had passed

without Plaintiff providing the requested supplement. *See* Doc. 25 at 5 (Defendant's reply noting

that Plaintiff has not provided any supplements).

For these reasons, and in light of the fact that Plaintiff makes no arguments that the

requested information should not be produced, the Court grants Defendant's motion to compel.

Within 14 days of the entry of this order, Plaintiff shall supplement the requested information to

Defendant.

Lastly, Defendant requests its fees and costs incurred in preparing the present motion.

Doc. 21 at 14. Rule 37(a)(5)(A) mandates that if a motion to compel is granted, the court "*must*,

after giving an opportunity to be heard, require the party or deponent whose conduct necessitated

the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)

(emphasis added). Rule 37 further instructs the court not to order expenses if "the movant filed

the motion before attempting in good faith to obtain disclosure or discovery without court action;

the opposing party's nondisclosure, response, or objection was substantially justified, or other

circumstances make and award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

To that end, Plaintiff argues that an award of fees is not justified because "[t]he filing of

Defendant's Motion was done based on Defendant's own decision to disregard the JSR and

deprive Plaintiff of the right to timely supplement." Doc. 22 at 3. To the contrary, Plaintiff

appears to concede that supplementation is necessary, but failed to supplement in the time frame

to which it agreed, failed to request additional time, and failed to supplement at least as of the

end of the briefing period. As such, the Court finds no reasons which weigh against an award of

fees. Within 14 days of the entry of this Order, Defendant shall file an affidavit outlining the fees

and costs it incurred in preparing the motion to compel. Within 14 days after Defendant files its

affidavit, Plaintiff may file any objections it has to the amount of relief Defendant requests.

**IT IS THEREFORE ORDERED THAT:**

Defendant Acuity's Motion to Compel Supplementation of Discovery Responses (Doc. 21)

is GRANTED as follows:

1) Within 14 days of the entry of this Order, Plaintiff shall supplement the requested

    information to Defendant; and

2) Within 14 days of the entry of this Order, Defendant shall file an affidavit outlining the

    fees and costs it incurred in preparing the motion to compel. Within 14 days after

4

Defendant files its affidavit, Plaintiff may file any objections it has to the amount of relief

Defendant requests.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**