# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEW MEXICO

FARADAY 100 LLC C/O
IHA PARTNERSHIP,

    Plaintiff,

v.                                                               No.: 1:20-cv-00767-WJ-SCY

ACUITY, A MUTUAL INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING ATTORNEY FEE AWARD

THIS MATTER comes before the Court regarding its recent decision granting Defendant's Motion for Sanctions for Discovery Violations in part and awarding Defendant attorneys' fees. *See* Doc. 59. Having reviewed Defendant's submission, the Court finds that Defendant's request for attorneys' fees in the amount of $7,709.51 is reasonable and therefore granted.

## BACKGROUND

In its recent decision, the Court found that Plaintiff's withholding of discoverable material, failure to adequately prepare a 30(b)(6) corporative representative to testify, and failure to adhere to the Court's prior instructions were sufficiently culpable to warrant some form of sanctions short of dismissal at this time. Doc. 59 at 6-9. Plaintiff was ordered to pay Defendant's attorney's fees and costs related to the filing of its Motion for Sanctions for Discovery Violations and the deposition of Plaintiff's 30(b)(6) witness. *Id*. at 11. Defendant was ordered to file an affidavit outlining the fees and costs incurred. *Id.*

On August 16, 2021, defense counsel submitted its affidavit in support of a request for attorneys' fees in the total amount of **$7,709.51.** (Doc. 60). No objections were filed by Plaintiff.

The Affidavit was submitted by Ms. Jennifer A. Noya, a practicing attorney since 1994 and shareholder with the Modrall Law firm in Albuquerque, New Mexico. Ms. Noya has been in charge of overseeing this case throughout the litigation. Three attorneys (Sonya Burke and Nicole Russell) and one paralegal (LeAnn Gallegos) were involved in preparing the Motion for Sanctions for Discovery Violations and the deposition of Plaintiff's witness, Timothy Miller. All rates reflect a discount from each individual's standard rate. Ms. Burke's hourly rate in this case is $300.00; Ms. Russell's hourly rate is $240.00; and Ms. Gallegos's rate is $130.00 per hour.

## DISCUSSION

This Court has discretion to determine the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The amount awarded by a court is generally based on a "lodestar" amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Ramos v. Lamm*, 713 F.2d 546, 557 (10th Cir. 1983), overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). The Tenth Circuit has outlined twelve factors, commonly referred to as the *Johnson* factors, for a court to consider when determining the reasonableness of an award of attorneys' fees, as articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] In evaluating the reasonableness of a fee award, a court need specifically address only relevant *Johnson* factors. *Faulkner v. Ensign United States Drilling Inc.*, No. 16-CV-03137-PAB-KLM, 2020 WL 550592, at *3 (D. Colo. Feb. 4, 2020) (citing *Gudenkauf v. Staffer Commc'ns, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998)).

---

[1] The *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) any prearranged fee - this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Court agrees that the hourly rates for Ms. Burke, Ms. Russell and Ms. Gallegos are reasonable and within the range of the prevailing market rates for this community. *See, e.g.*, *New Mexico Turn Around v. City of Albuquerque*, No. 11-cv-00536 (D.N.M. May 22, 2013) (Memorandum Opinion and Order) (approving rates between $175/hr and $350/hr); *Spurlock v. Townes,* No. 09-cv-786 (D.N.M. Nov. 21, 2012) (Memorandum Opinion and Order on Plaintiffs' Motion for Attorney Fees) (2012 decision awarding six plaintiff's attorneys hourly rates ranging from $150 per hour to $375 per hour); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) (court should use "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); *see also Beard v. Teska*, 31 F. 3d 942, 956- 97 (10th Cir. 1994).

In connection with the Motion for Sanctions for Discovery Violations, Defendant Acuity has incurred the following fees:

| | | |
|---|---|---|
| Sonya R. Burke | 5 hours at $300 | $1,500.00 |
| Nicole T. Russell | 15.7 hours at $240 | $3,768.00 |
| LeAnn Gallegos | .7 hours at $130 | $ 91.00 |
| Gross receipts tax $422.02[2] | | |
| **Total fees plus tax** | | **$5,781.02** |

In connection with attending the 30(b)(6) deposition of Plaintiff's witness, Defendant Acuity has incurred the following fees:

| | | |
|---|---|---|
| Sonya R. Burke | 4.2 hours at $300 | $1,260.00 |
| Gross receipts tax $99.23[3] | | |
| Court reporter invoice $569.26 | | |
| **Total fees plus tax** | | **$1,928.49** |

---

[2] *Herrera v. First Northern Sav. and Loan Ass'n*, 805 F.2d 896, 902 n.3 (10th Cir. 1986) (noting that some courts have included the gross receipts tax as part of attorney's fee awards with no discussion).
[3] *Herrera v. First Northern Sav. and Loan Ass'n*, 805 F.2d 896, 902 n.3 (10th Cir. 1986) (noting that some courts have included the gross receipts tax as part of attorney's fee awards with no discussion).

The Court finds that a total award of $7,709.51 for attorneys' fees is a reasonable lodestar amount for the work involved in filing the motion and attending the deposition, and that there is no reason to depart from that lodestar amount. The Court also finds that the amount of time spent on this work is reasonable. Defense counsel's attempts to obtain discovery from Plaintiff spanned a considerable period of time and Defense counsel uncovered discoverable material nearly every time it conducted a deposition, leading to unnecessary delay and uncertainty that undermined the discovery phase of this litigation. *See* Doc. 59 at 7. Defense counsel also deposed a 30(b)(6) witness who was inadequately prepared to testify. These attempts were clearly documented in the motion.

**THEREFORE,**

**IT IS ORDERED** that Defendant is hereby awarded attorney's fees in the total amount of **$7,709.51**, which includes gross receipts tax, in relation to Defendant's Motion for Sanctions for Discovery Violations (Doc. 46) and the Court's Memorandum Opinion and Order Granting in Part and Denying in Part Defendant Acuity's Motion for Sanctions for Discovery Violations (Doc. 59).

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE